UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                        Case No. 04-50074-1

Raymond McMichael,             Honorable Sean F. Cox

    Respondent.

_____/

**<u>ORDER DENYING</u>**
**<u>REQUEST FOR CERTIFICATE OF APPEALABILITY</u>**

Defendant Raymond McMichael pleaded guilty to one count of conspiring to manufacture and distribute marijuana. This Court imposed a 204-month sentence, which was affirmed on direct appeal. *See United States v. McMichael*, 377 Fed.Appx. 529 (6th Cir. May 17, 2010).

Thereafter, McMichael filed a motion seeking to vacate his sentence pursuant to 28 U.S.C. § 2255. His § 2255 Motion, as supplemented, raised ineffective assistance of counsel claims and a claim that his sentence was unconstitutional "because the sentencing court was without subject matter jurisdiction to impose the enhanced 20-year mandatory minimum sentence under 21 U.S.C. § 851 where McMichael's prior marijuana conviction was based on 26 U.S.C. §4744(a) that was held unconstitutional by the federal courts and Repealed by an act of Congress." (D.E. No. 205 at 2).

This Court scheduled an evidentiary hearing on the § Motion and appointed counsel for McMichael. (*See* D.E. Nos. 202 & 203).

The Court did not proceed with the evidentiary hearing, however, because the Government and McMichael agreed that "the expungement of his prior drug conviction in Texas requires that he be re-sentenced on his conviction here, without the sentencing enhancements that had been imposed based on that prior sentence." (Stipulation to Grant Motion to Vacate Sentence, and to Schedule Re-Sentencing, D.E. No. 209). As part of that stipulation, McMichael *withdrew with prejudice* his remaining claims based upon ineffective assistance of counsel. (*Id.* at ¶ 4).

This Court re-sentenced McMichael on January 4, 2012, and imposed a term of imprisonment of 150 months. (*See* 1/13/12 Amended Judgment). Thus, his sentence was reduced by 54 months.

On January 17, 2012, McMichael filed a Notice of Appeal. (D.E. No. 212). Thereafter, this Court received a letter from the United States Court of Appeals for the Sixth Circuit, asking this Court to make a ruling with respect to a certificate of appealability.

A certificate of appealability must issue before a petitioner may appeal a district court's final order on a § 2255 Motion. 28 U.S.C. § 2253(c)(1)(B); FED. R. APP. P. 22(b).

Section 2253 provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). As the Supreme Court has stated, "[w]here a district court has rejected the constitutional claim on the merits, the showing required to satisfy 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a certificate of appealability is issued by a district court, it must indicate which specific issue or issues satisfy the required showing. 28 U.S.C. § 2253(c)(3).

Here, however, this Court did not deny McMichael's § 2255 Motion. McMichael withdrew with prejudice his ineffective assistance of counsel claims raised in his § 2255 Motion and this Court *granted* McMichael's remaining claim and re-sentenced him.

Accordingly, to the extent that McMichael is appealing this Court's rulings on his § 2255 Motion, the Court DENIES a certificate of appealability.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: March 6, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 6, 2012, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager